JOSEPH S. CLARKE & Wife v. THE MAYOR AND ALDERMEN OF THE CITY OF NEWPORT.

A motion to dismiss an appeal from the doings of a board of aldermen in laying out a highway, on the ground of defects in the appeal bond, comes too late in the appellate court, when made after the appeal has been entered and twice continued.

Where a board of aldermen adjudged that public convenience required a highway, with certain defined *termini*, and appointed a committee to mark out the same, and agree with the owners for the necessary land, *Held*, that the board were not authorized by the statute to accept the report of the committee in part only, and thereupon to lay out the highway, with one of its *termini* substantially variant from that originally ordered; and that such proceedings might, on appeal, be quashed by the appellate court.

APPEAL from thè doings of the board of aldermen of Newport, in laying out a highway, from the westerly line of the land of the appellants and of Henry A. Middleton, Esq., to the westerly line of land of Daniel B. Fearing, Esq., in said Newport.

On the 14th day of August, 1856, the board of aldermen of the city of Newport, upon the petition of sundry persons owning property on Dixon's Lane, so called, in Newport, resolved and determined, that the public convenience required, that a new highway should be laid out and opened, "*from Bellevue, or East Truro Street, to the western line of land of Daniel B. Fearing and others;*" and duly appointed a committee to survey, bound, and mark out such highway, and to agree with the owners of the land through which it passed for their damage therefrom. The committee proceeded to survey and mark out the highway ordered, agreeing with some of the landowners as to their damages, and reporting that they were unable to agree with others; and upon the coming in of their report, and due citation to the owners of land to appear before the board of aldermen and be heard as to their damages, the board, on the 13th day of September, 1856, accepted the report of the committee in part only, and ordered the highway to be laid out, not from Bellevue Street, as originally resolved to be necessary, but "from the west line of land of Joseph S. Clarke and wife (the appellants) and Henry A. Middleton"—several hundred feet to the eastward of Bellevue Street—" to the western line of land of Daniel B. Fearing and others."

From this lay-out, Clarke and wife appealed to the court of common pleas for the county of Newport, at the November term, 1856, and duly entered their appeal at that term. The appeal bond ran to " William Swinburne, mayor of the city of Newport, and John Braman, Philip Stevens, John C. Ailman, Benjamin Freeborn, and John G. Weaver, aldermen of the city of Newport, and all constituting the board of mayor and aldermen for said city of Newport," and was signed and sealed by Joseph S. Clarke, the appellant, by his attorney, Wm. P. Sheffield, Esq., instead of personally ; no power of attorney to Sheffield accompanying the same. It was however, when tendered, received by the city clerk of the city of Newport, and duly placed on file in his office.

The appeal was continued from the November term of the common pleas for the county of Newport, 1856, to the October term, 1857, when, it coming on for trial before Mr. Justice Shearman, sitting with a jury, the appellees moved the court to dismiss the appeal, on the ground, that the appeal bond, which was a prerequisite to an appeal, was given to the members of the board of mayor and aldermen, as individuals, and not as a body, and was executed by the appellant, not personally, but by an attorney, whose authority, under seal, to execute a bond for his principal, nowhere appeared. This motion was overruled by the court; whereupon, the cause proceeding, and the doings of the board of aldermen in laying out the highway being produced and proved, the appellants moved the court to quash the same, as void, substantially, on the ground, that the highway laid out was a different highway, with a substantially different western terminus, from that originally adjudged to be necessary by the board of aldermen of Newport. This motion the court sustained, by ordering the whole proceedings of the board of aldermen in laying out the highway to be quashed; whereupon, the appellees excepted to the decision of the court upon both the above motions, and now brought on their exceptions for trial.

*Wm. H. Potter* and *Van Zandt*, for the exceptants and appellees, cited, to their motion to dismiss the appeal, 1 Gray, 203; 11 Johns. 464; to the motion of the appellants to quash

the doings of the board of aldermen in laying out the highway, 22 Verm. 44; 13 Pick. 195; 17 Ib. 154; 2 Met. 185; 3 Ib. 375; 9 Harris, 55, 217, 356; 10 N. H. 369; 19 Barb. Sup. Ct. R. 240; 3 Mass. 406; 2 Ib. 489; 7 Ib. 158; 17 Shepley, 302; 1 Foster, 454; 1 Gray, 203; 1 Barb. Sup. Ct. R. 286.

*Payne & Sheffield,* for the appellants, to the motion of the appellees, to dismiss the appeal, cited *French* v. *Ives,* 22 Conn. R. 101; and to the motion of the appellants, to quash the proceedings of the board of aldermen as void, *Simmons* v. *Mumford,* 2 R. I. Rep. 172.

BOSWORTH, J.    In this case, exceptions are taken to the rulings of the court of common pleas.    An appeal was taken from an order of the mayor and aldermen of Newport for the laying out of a highway, from the west line of land of the appellants, Joseph S. Clarke and wife, and of Henry A. Middleton, to land of Daniel B. Fearing and others.    The appellees, at the trial of the case in the court of common pleas, moved the court to dismiss the appeal: "because no copy of any appeal bond was filed in the clerk's office of that court; because the appeal bond which was filed in the city clerk's office, a certified copy of which was produced to the court by the appellees, appeared to be given to the obligors therein named, as individuals only, and was not given to them officially, nor to the board of aldermen of the city of Newport, and did not run to their successors; and also because the said bond was not signed or executed by the appellant, by his own hand, but purported to be given by him, by his attorney, Wm. P. Sheffield; and being under seal, and it not appearing that authority had been given to said Sheffield to execute the same, there was, as the appellee contended, no bond filed in the clerk's office of the court below."    The court of common pleas overruled the motion to dismiss, upon all these grounds, and the appellee excepted.

We are of opinion that the motion to dismiss was properly overruled, upon one general ground applicable to all the alleged defects in the bond.    The motion to dismiss was too late. The bond necessary to be given upon appeal in such case, is a bond to prosecute the appeal.    If the appeal is prosecuted, the

condition of the bond is fulfilled. This appeal was prosecuted, so far as to be entered in the court appealed to. Both parties appeared in the case while it was continued through several terms of the court, without objecting to the sufficiency of the appeal bond; and this objection is made at the trial of the cause. If there was a valid objection to the bond, it constituted an objection in the inception of the appeal; and the objection is waived by allowing the case to be continued and the other party to go on in the cause, accumulating costs and expenses, without a motion to dismiss. This principle of practice has been applied, in this court, to the analogous case of a recognizance for costs, required in a case of a criminal complaint. *State* v. *Mc Carty*, 4 R. I. Rep. 82. The point has also been decided by the supreme court of Connecticut, in the case of *French* v. *Ives*, 22 Conn'. R. 101.

Another exception taken to the ruling of the court of common pleas, is, to the decision of that court upon a motion made by the appellants that the proceedings in the case be quashed, " because the board of aldermen had no power, under the statute, to pass any order or decree establishing a part of a highway by them adjudged necessary by a former decree, under which a committee had been appointed to survey, bound, and mark out such highway, but must, according to the statute, accept the report which such committee may make in whole, or reject it in whole." The court of common pleas sustained the motion of the appellants, and ordered the proceedings in the case to be quashed, for the reasons alleged. We see no error in this ruling of the court of common pleas. The proceedings of the board of aldermen were such as that a different highway was ordered to be laid out, from the one which, by previous decree, they had declared to be necessary. Under their previous decree, they had declared a highway to be necessary, from East Truro Street to land of Daniel B. Fearing and others, and had appointed a committee to survey, bound, and mark out the highway between the termini fixed by their decree. Upon the report of this committee, the law requires that notice shall be given to all parties, to appear before the board, and be heard for or against receiving said report, if they shall see cause; and

after hearing, they are required to proceed to receive or reject said report, as to them shall seem just and right. If the report be received, it is then to be recorded, and the way established as a highway. It appears to us clear, that the board of aldermen are only authorized to accept or reject the report substantially as made; as any material variance from the report would establish a highway, different from the highway, declared to be necessary. Parties may have no objection to a highway, such as is marked out in the report of the committee; and, therefore, may not appear, when the report is considered; when, if the report should be varied, and a different highway laid out, their interests might prompt them to appear and object. Another consideration gives weight to this view of the case. The committee appointed to survey, bound, and mark out the highway, are authorized to agree with the owners of the land through which the highway shall pass, for the damage they shall sustain. If this is done, on the basis of the prior decree, fixing the termini of the highway, it might operate great injustice upon parties, if the termini could be changed. In this case, for instance, an owner of land might think it no damage, but rather an advantage, to have a highway pass through his land to East Touro Street, while he might deem it no advantage, but great damage, to have a highway pass through his land, extending only to the private lands of another. This point has been decided by this court in the case of *Simmons* v. *Mumford*, 2 R. I. Rep. 172. We do not see how this case is distinguishable from that; and the court of common pleas probably ruled the point under the authority of that decision. We consider the point settled by the law of that case; and if it were a new case, with our views of it, we should now make the same decision.

*The exceptions in this case are therefore overruled.*